IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GAUDENCIO MOZO,                       No. 2:12-CV-0025-MCE-CMK-P

       Petitioner,

  vs.                                                     ORDER

K. ALLISON,

       Respondent.

_____/

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court are: (1) petitioner's motion for leave to amend (Doc. 17); and (2) petitioner's motion for a stay-and-abeyance order.  Petitioner seeks leave to file an amended petition raising three unexhausted claims not raised in the original petition.  Petitioner also asks that, if the amended mixed petition is filed, the court grant a stay-and-abeyance order pending exhaustion in state court of the new claims.

       The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule

1

1  12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B).  In all
2  other situations, a party's pleadings may only be amended upon leave of court or stipulation of all
3  the parties. See Fed. R. Civ. P. 15(a)(2).  Where leave of court to amend is required and sought,
4  the court considers the following factors: (1) whether there is a reasonable relationship between
5  the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of
6  judicial economy and will promote the speedy resolution of the entire controversy; (3) whether
7  there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay
8  a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced
9  by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to
10 amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd.
11 v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).
12         In this case, the court finds that the proposed amendment is frivolous because, on
13 the face of the proposed amended petition, it is clear that petitioner would not be entitled to relief
14 on any of the new claims.   Petitioner seeks to add the following three new claims:

| Ground Three | The admission of "testimonial" hearsay evidence by two police officers as substantive evidence violated Petitioner's constitutional rights. |
| Ground Four | Trial counsel was ineffective for failing to object to the hearsay evidence. |
| Ground Five | Appellate counsel was ineffective for failing to raise the hearsay issue on direct appeal. |

Petitioner claims:

> During trial, two police officers gave graphic testimony as to what the alleged victims had related to them regarding the charges against Petitioner.  The interviews were not in response to an emergency, but were done during an investigation to discovery facts which could be used at court to convict petitioner.

As to trial counsel, petitioner asserts that, not only did counsel fail to object, counsel agreed with the prosecutor that there was no issue with respect to the officers' testimony.  Petitioner argues that the officers' statements were testimonial and that their admission violated his rights under

the Confrontation Clause.

The Confrontation Clause protects a defendant from unreliable hearsay evidence being presented against him during trial. See U.S. Constitution, Amendment VI. Prior to the Supreme Court's decision in Crawford v. Washington, 541 U.S. 36 (2004), the admission of hearsay evidence did not violate the Confrontation Clause where the hearsay fell within a firmly rooted exception to the hearsay rule or otherwise contained "particularized guarantees of trustworthiness." Lilly v. Virginia, 527 U.S. 116, 123-24 (1999); Ohio v. Roberts, 448 U.S. 56, 66 (1980). In Crawford, however, the Supreme Court announced a new rule: Out-of-court statements by witnesses not appearing at trial that are testimonial are barred under the Confrontation Clause unless the witnesses are unavailable and the defendant had a chance to cross-examine, regardless of whether such statements are deemed reliable by the trial court. See 541 U.S. at 51. If error occurred, the next question is whether such error was harmless. See Bockting v. Bayer, 399 F.3d 1010, 1022 (9th Cir. 2005) (applying harmless error analysis).

The Supreme Court stated in Crawford that the Confrontation Clause is not offended by the use of testimonial hearsay for purposes other than establishing the truth of the matters stated. See Crawford, 541 U.S. at 59 n.9. In this case, the officers' testimony as to the victims' out-of-court statements would have not been admissible as to the truth of the matters stated by the victims in their out-of-court statements but they would have been admissible as evidence of prior statements inconsistent with the victims' in-court testimony.[1] Because the officers' testimony would have been admissible for this purpose, no Confrontation Clause

---

[1] It is not clear who offered the officers' testimony as to the victims' out-of-court statements. If the government offered such evidence, it seems that the officers' testimony of out-of-court statements differing from the victims' in-court testimony would tend to undermine the victims' credibility and work to the benefit of petitioner, in which case he could not prevail because he could not show prejudice. If the defense offered the evidence, again it would have worked to petitioner's benefit, in which case prejudice could not be shown. Petitioner has not alleged that the officers' testimony was offered for the truth of the matters stated by the victims out of court. Nor has petitioner alleged that the officers' testimony was offered for the truth of the matters stated or that, if so, a limiting instruction was not sought or given.

violation occurred.  Because no Confrontation Clause violation occurred, petitioner cannot demonstrate that either trial or appellate counsel acted deficiently in not pursuing the issue.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for leave to amend (Doc. 17) is denied;

2. Petitioner's motion for a stay-and-abeyance order (Doc. 18) as to the proposed amended petition is denied as moot;

3. This case proceeds on the original petition filed on January 3, 2012, which respondent has answered; and

4. Petitioner may file a traverse to respondent's answer within 30 days of the date of this order.

DATED: June 25, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE