UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADENCIO MOZO, | No. 12-cv-0025 MCE AC |
| Petitioner, | |
| v. | ORDER |
| K. ALLISON, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis on his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

On February 28, 2012, respondent filed his answer to the petition. ECF No. 15. On March 19, 2012, petitioner moved: (1) for leave to amend the petition (ECF No. 17); and (2) to hold the petition in abeyance pending exhaustion of unexhausted claims in the state court (ECF No. 18). Specifically, petitioner sought to add three new claims to his petition:

> CLAIM THREE: The admission of "testimonial" hearsay evidence by two police officers as substantive evidence, violated petitioner's constitutional rights.
>
> CLAIM FOUR: Trial counsel failed to object to use of "testimonial" hearsay evidence as violating Petitioner's Confrontation rights.
>
> CLAIM FIVE: Appellate counsel failed to recognize that inadmissible evidence had been used to convict Petitioner, and let conviction stand unopposed.

1

1  ECF No. 17 at 10.  See also ECF No. 18 at 3, 11.

2       On June 26, 2012, the magistrate judge previously assigned to this action denied

3  petitioner's motions to amend, and to stay the proceedings.  ECF No. 21.  In particular, the

4  previous magistrate judge found that the proposed amendment was frivolous because, on the face

5  of the petition, petitioner would not be entitled to relief on any of the new claims.  Id. at 2-3.  In

6  his order denying petitioner's motions, the previous magistrate judge allowed petitioner 30 days

7  from the date of the order to file his traverse.  Id. at 4.

8       On July 15, 2012, petitioner moved for reconsideration of the June 26, 2012 order, as well

9  as for an extension of time to file the traverse.  ECF No. 22.  On November 15, 2012, the district

10  judge denied the motion for reconsideration as untimely, directed that no further motions to

11  reconsider the June 26, 2012 order would be considered, and granted petitioner 30 days from the

12  date of the order to file his traverse.  ECF No. 23.

13       On November 28, 2012, this action was reassigned to the undersigned magistrate judge.

14  ECF No. 24.  On December 14, 2012, petitioner moved for an extension of time to file his

15  traverse.  ECF No. 25.  On December 26, 2012, the undersigned granted petitioner's extension

16  motion, giving him 60 days to file the traverse, and noting that further extensions of time to file

17  the traverse would be disfavored.  ECF No. 26.

18       On February 19, 2013, petitioner filed the instant motion to amend the petition.  ECF No.

19  27.  In his motion, petitioner seeks to add the same claims he previously proposed, and which

20  amendment was previously denied by the prior magistrate judge.  ECF No. 27 at 7.  A review of

21  petitioner's motion to amend reflects that, on April 20, 2012, the state Superior Court denied

22  petitioner's habeas petition alleging that his Sixth Amendment rights were violated by

23  introduction of the police officers' testimony, and that his counsel was ineffective.  Id. at 25-27,

24  29.  Also attached to the petition are decisions from the state Court of Appeal and state Supreme

25  Court, denying habeas petitions filed by petitioner.  ECF Nos. 28, 30.[1]

26

27  [1] The petitions themselves are not attached, and so this court cannot determine what issues were presented to these courts.  The Court of Appeal's decision is dated June 21, 2012, and the
28  Supreme Court's decision is dated November 14, 2012.

1   Respondent objects to petitioner's proposed amendment, because, among other things,
2   relief is barred under the "law of the case" doctrine. ECF No. 28 at 2-4. Respondent also argues
3   that any amendment would prejudice respondent, whose answer was filed nearly one year before
4   the motion to amend. Id. at 5.

**Motion to Amend**

6   The Supreme Court has described "law of the case" as a doctrine which posits that "when
7   a court decides upon a rule of law, that decision should continue to govern the same issues in
8   subsequent stages in the same case." Pepper v. U.S., 131 S.Ct. 1229, 1250 (2011), citing Arizona
9   v. California, 460 U.S. 605, 618 (1983). Because the doctrine directs the court's discretion, and
10  does not limit the court's jurisdiction, it does not apply if the court is convinced that its prior
11  decision is clearly erroneous and would work a manifest injustice. Id.
12  In this case, though, petitioner makes no argument that the prior magistrate judge's
13  decision was clearly erroneous, nor does he identify any new authority or circumstance which
14  might alter the analysis. See Amaimalo v. U.S., 645 F.3d 1042, 1049 (9th Cir. 2011). Instead, he
15  has raised arguments identical to those already considered and denied in the court's June 26, 2012
16  order, without providing the court with any reason for his renewal of the application. The court
17  accordingly will exercise its discretion to apply the law of the case, and to deny the motion to
18  amend.
19  In light of the court's decision not to allow petitioner's proposed amendment, the court
20  will extend petitioner's deadline for filing his traverse for an additional thirty days. Petitioner is
21  advised that further extensions shall be disfavored.
22  In accordance with the above, IT IS HEREBY ORDERED that
23      1.  Petitioner's motion to amend the petition (ECF No. 27) is denied; and
24      2.  Petitioner may file a traverse within 30 days of the filing date of this order. Requests
25          for further extension of this deadline shall be disfavored.
26  ////
27  ////
28  ////

3

1  DATED: June 7, 2013

            *[signature: Allison Claire]*

2            ALLISON CLAIRE
            UNITED STATES MAGISTRATE JUDGE

3  AC:rb/mozo0025.ord